IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM T. JOHNSON, JR., §
§ No. 34, 2017
Defendant Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 9711014716
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: April 11, 2017
Decided: June 28, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 28th day of June 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, William T. Johnson, Jr., was convicted of very serious charges in 1998, and his convictions were affirmed on direct appeal.[1] Johnson filed two successive petitions for postconviction relief under Superior Court Criminal Rule 61, the denial of which were affirmed by this Court in 2002 and 2010.[2]

---

[1] *Johnson v. State*, 1999 WL 1098173 (Del. Nov. 2, 1999) (ORDER).
[2] *Johnson v. State*, 2002 WL 1836684 (Del. Aug. 9, 2002) (ORDER); *Johnson v. State*, 2010 WL 1627299 (Del. April 21, 2010) (ORDER).

(2) In 2016, Johnson filed yet another Rule 61 petition. Under Rule 61((i)(2), a successive motion for postconviction relief is summarily dismissed as procedurally barred unless the defendant pleads with particularity a claim that either: (i) new evidence exists that creates a strong inference that the defendant is actually innocent; or (ii) a new rule of constitutional law made retroactive to cases on collateral review renders the defendant's convictions invalid.[3]

(3) In a thorough report and recommendation that was adopted by the Superior Court, a Commissioner recommended that Johnson's motion should be summarily dismissed.[4] On appeal, Johnson quibbles with the Superior Court's order, but fails to point to any new evidence creating a strong inference of actual innocence or a new rule of constitutional law that renders his convictions invalid.

(4) The Court has concluded that the judgment on appeal should be affirmed on the basis of the Superior Court's December 27 order that adopted the Commissioner's report and recommendation. Johnson's third postconviction motion failed to meet the pleading requirements for a successive postconviction motion and was properly summarily dismissed as procedurally barred.

---

[3] *See* Del. Super. Ct. Crim. R. 61(i)(2) (providing for procedural bar of successive motion); R. 61(d)(2) (providing for summary dismissal of a second or subsequent motion after preliminary consideration).

[4] *State v. Johnson*, 2016 WL 4764916 (Del. Super. Comm'r Sept. 8, 2016) (Report and Recommendation).

(5) The Court will not continue to invest scarce judicial resources to review claims that do not meet the procedural imperatives of Rule 61. Johnson is advised to be mindful of Rule 61(j).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice